IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 99-3393 CIV-JORDAN
MAGISTRATE JUDGE BANDSTRA

MISTY KINGSLAND,

    Plaintiff,

v.

CITY OF MIAMI,
A Florida Municipal Corporation,
RAMON DE ARMAS, individually,
EMILIO VALENZUELA, individually,
JOSEPH BALIKES, individually,

    Defendants.
_____/




## AMENDED COMPLAINT

Plaintiff, Misty Kingsland, sues Defendants, City of Miami, Ramon De Armas ("De Armas"), Joseph Balikes, and Emilio Valenzuela, and states the following:

1. This is an action for damages arising out of the false arrest and malicious prosecution of the Plaintiff by the Defendants.

### PARTIES, JURISDICTION, VENUE

2. This is an action for an amount of damages placing it within this Court's jurisdiction.

3. Venue is proper with this Court as the occurrences which gave rise to this litigation occurred in Miami-Dade County, Florida.

4. Defendant, City of Miami, ("Miami") is a Florida municipal corporation located in Miami-Dade County, Florida and is *sui juris*.

5. Defendants, De Armas, Balikes and Valenzuela, are Miami police officers, employed and working in Miami, Miami-Dade County, Florida, and are *sui juris*.

6. Plaintiff is a resident of New Jersey, and submits herself to this honorable Court's jurisdiction.

7. Miami owns, operates, manages, directs and controls the City of Miami Police Department.

8. On November 27, 1995, Defendant, De Armas drove an unmarked police car through a red light, at a very high rate of speed, directly into the side of Plaintiff's rented truck.

9. De Armas did not have a siren or emergency lights on at any time material to the accident and he was not handling or traveling to an emergency situation at ay time material to the accident.

10. De Armas was one hundred per cent at fault in this accent. Plaintiff was not at all negligent, and was not at fault in any way in causing this accident.

11. At no time material to this accident was Plaintiff under the influence of any controlled substance, alcohol, or any other substance that could have affected her ability to drive.

12. Plaintiff has retained undersigned counsel and is obligated to pay him a reasonable fee or his services.

13. All conditions precedent, as required by Florida Statute Section 768.28, to filing this action have been met. A copy of the notice of claim served pursuant to that Statute was submitted to the Court as Exhibit A to the original complaint and is not refiled to avoid redundancy.

## COUNT I - FALSE ARREST AND FALSE IMPRISONMENT

14. Plaintiff realleges and reavers paragraphs 1 - 13, as if fully restated herein.

15. After the accident occurred, emergency medical assistance and the Miami police were called to the scene.

16. De Armas falsely reported to the officers present that Plaintiff was at fault in the accident, or in the alternative, he asked the other officers to assist him by charging Plaintiff with the accident.

17. Defendant, Valenzuela was called to the scene as a DUI (alcohol) specialist, but not a Drug Recognition Expert ("DRE"). He conducted roadside sobriety tests although he had no reason to believe, and did not believe that the Plaintiff was under the influence of alcohol or any other substance.

18. Although Valenzuela never suspected that Plaintiff was under the influence of alcohol, he subjected Plaintiff to breathalyzer tests, which were negative.

19. Valenzuela had no probable cause to believe Plaintiff was under the influence of narcotics at any time material to this arrest. Nevertheless, Valenzuela obtained a DRE to certify that Plaintiff was under the influence of drugs and to administer a urine test.

20. The urine test was negative for marijuana, which was the drug Valenzuela and Balikes purported to suspect Plaintiff of using.

21. Although the Defendant had no probable cause to believe that Plaintiff was under the influence of drugs, Balikes and Valenzuela, based on the false information from De Armas, charged Plaintiff with driving under the influence of a controlled substance, causing Plaintiff to be imprisoned for approximately 24 hours.

22. During the imprisonment, Plaintiff suffered severe discomfort, pain, humiliation and degradation. She was strip searched twice and suffered other humiliation and indignities.

23. The false arrest and imprisonment have caused Plaintiff to be emotionally

depressed, wary of police officers to the point of feeling threatened by them at all times she comes in visual contact with them, and has caused Plaintiff other permanent emotional and mental injuries.

24. Also as a direct and proximate result of De Armas', Valenzuela's, and Balikes' false arrest, Plaintiff was prosecuted for the crime of DUI. There was no intervening decision by the State Attorney's office to break the causal link between the arrest and the consequent prosecution and therefore, damages sustained by Plaintiff as a result of the prosecution were proximately caused by the false arrest and charges and are recoverable in an action for false arrest.

25. As a result of the false arrest, Plaintiff was caused to expend substantial funds in defending the unfounded charges and on other expenses incidental to the defense of the charges.

26. As a direct, proximate and foreseeable result of the false arrest, Plaintiff suffered loss of time, inconvenience and other hardships in defending against the charges, exacerbated by the fact that she is and was a New Jersey Resident.

27. As a direct, proximate and foreseeable result of the false arrest and resultant prosecution, Plaintiff suffered severe anxiety and depression.

28. The Officers, in their actions which have given rise to this claim, acted under color of law, within the ordinary scope, and course of their employment by Miami and by virtue of the authority vested in them as Miami police officers.

29. The City of Miami is vicariously liable for the damages caused by Plaintiff's false arrest as alleged above. Liability attaches to the City under Florida Statutes Section 768.28 despite the willful nature of the wrongful conduct because the wrongful conduct was conducted within the "scope of employment." *McGhee v. Volusia County*, 679 So.2d 729, (Fla. 1996).

WHEREFORE, Plaintiff, Misty Kingsland, demands judgment against Defendant, Miami for compensatory damages, litigation costs, and demands a trial by jury on all issues so triable.

## COUNT II – FALSE ARREST – DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C §§1983, 1988 – DE ARMAS, VALENZUELA, BALIKES

30. Plaintiff realleges and reavers paragraphs 1 – 13 and 15 - 28, as if fully restated herein.

31. Every Defendant Officer knew that the charges against the Plaintiff were false and/or provided false information that caused the arrest.

32. This false arrest and imprisonment constituted an illegal seizure of Plaintiff's person in violation of the Fourth Amendment to the United States Constitution.

33. This false arrest constituted a violation of Plaintiff's right to due process of law and her right to equal protection under the law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

34. The Officers willfully, wantonly and knowingly violated the clearly established rights enumerated above and therefore, they are not entitled to qualified immunity protection.

35. As a result of the unconstitutional practices enumerated above, Plaintiff was damaged as alleged above in paragraphs 21 - 28.

36. Plaintiff is entitled to recover attorneys' fees as a prevailing party pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Misty Kingsland, demands judgment against Defendants, De Armas, Valenzuela, Balikes for compensatory damages, attorneys' fees, litigation costs, prejudgment interest, and all other relief available. Plaintiff hereby demands a trial by jury on all issues so triable.

## COUNT III –MALICIOUS PROSECUTION – DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C §§1983, 1988 – vs. VALENZUELA and BALIKES

37. Plaintiff realleges and reavers paragraphs 1 – 13, 15 - 23, and 31 - 36 as if fully restated herein.

38. By charging Plaintiff with Driving Under the Influence, Defendants Valenzuela and Balikes filed false charges, and instituted a false criminal action against the Plaintiff.

39. Valenzuela and Balikes delivered false information to the prosecutor in the form of the DUI report, which failed to note that Plaintiff had been injured in the accident, and in the arrest form, which stated that Plaintiff's breath had a strong odor of cannabis.

40. Balikes and Valenzuela withheld exculpatory evidence from the State by withholding Plaintiff's urine sample for more than two weeks after the arrest and by withholding evidence of Plaintiff's injuries.

41. Balikes and Valenzuela withheld exculpatory evidence from the State by intentionally failing to obtain eyewitness information about the accident and subsequent events.

42. Valenzuela and Balikes delivered false information to the prosecutor by telling her that Plaintiff had cocaine on her person and rammed into De Armas' car while it stood in the middle of the intersection with its police lights activated. This statement was made by the prosecutor in open court.

43. The criminal prosecution were terminated in Plaintiff's favor as the Court dismissed all charges against Plaintiff due to a complete lack of evidence of an illegal act.

44. Balikes and Valenzuela's actions as alleged herein were committed intentionally and with malice and under color of state law.

45. As a direct and proximate result of Valenzuela's and Balikes' actions as alleged above, Plaintiff was forcibly detained, seized and prosecuted for the crime of DUI for over seven

months. Accordingly, Plaintiff was seized and deprived of her liberty unlawfully in violation of the Fourth Amendment and Balikes and Valenzuela's acts constituted malicious prosecution in violation of 42 U.S.C. §1983.

46. As a result of the malicious prosecution, Plaintiff was caused to suffer the damages set forth above in paragraphs 21 – 27.

47. Plaintiff is entitled to recover attorneys' fees as a prevailing party pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Misty Kingsland, demands judgment against Defendants, Valenzuela and Balikes for compensatory damages, attorneys' fees, litigation costs, prejudgment interest, and all other relief available. Plaintiff hereby demands a trial by jury on all issues so triable.

## COUNT IV –MALICIOUS PROSECUTION –(State law tort) vs. VALENZUELA and BALIKES

48. Plaintiff realleges and reavers paragraphs 1 – 13, 15 – 23, and 38 - 46 as if fully restated herein.

49. Due to the malicious nature of the act of malicious prosecution, Florida courts have ruled that municipalities are immune from liability from these acts under Florida Statutes Section 768.28 and only employees of those agencies may be held liable as a matter of law.

50. Therefore, based on the allegations set forth above in Count II, Defendants Balikes and Valenzuela are solely liable for their actions in initiating and maintaining the prosecution against Plaintiff when they knew she was innocent of the charges they filed against her.

51. As a result of the malicious prosecution, Plaintiff was caused to suffer the damages set forth above in paragraphs 21 – 27.

WHEREFORE, Plaintiff, Misty Kingsland, demands judgment against Defendants, Valenzuela and Balikes for compensatory damages, attorneys' fees, litigation costs, prejudgment interest, and all other relief available. Plaintiff hereby demands a trial by jury on all issues so triable.

## COUNT V – FALSE ARREST and MALICIOUS PROSECUTION – DEPRIVATION OF FOURTH AMENDMENT CONSTITUTIONAL RIGHTS UNDER 42 U.S.C §§1983, 1988 – CITY OF MIAMI

52. Plaintiff realleges and reavers paragraphs 1 – 13, 15 - 23, 31 – 36 and 38 - 46 and as if fully restated herein.

53. The Defendant Officers carried out the false arrest and malicious prosecution of the Plaintiff in violation of her constitutional rights as alleged above in Counts II and III, as a direct and proximate result of the following unconstitutional practices of the City of Miami in place at the time of this incident, pled both together and alternatively:

   a. The City failed to adequately investigate and discipline it officers after reports of similar misconduct which permitted, authorized or encouraged the Defendant Officers to falsely arrest Plaintiff and cover-up De Armas' culpability;

   b. The City had a policy, custom or practice of permitting officers to pursue DUI charges even after breathalyzer and urine drug screens produced negative results;

   c. The City had a policy, custom or practice of permitting DUI arrests for suspected drug influence prior to obtaining a Drug Recognition Expert's opinion;

8

d. The City had a policy, custom or practice of permitting DUI arrests prior to establishing probable cause for these arrests, thus encouraging officers to fabricate charges to cover-up improper detentions under Florida law, which requires the existence of probable cause prior to arrest;

e. The City, through its policymakers, fails to effectively investigate traffic accidents involving its officers, thus causing its officers to know that they can cover-up their culpability by fabricating evidence and failing to preserve other evidence;

f. The City withholds exculpatory evidence from the prosecutor through its policy, custom or practice of not delivering urine samples in a timely fashion and requiring timely reporting of results.

g. The City withholds exculpatory evidence from the prosecutor through its policy, custom or practice of not maintaining records of its arrests if an outside DRE is called in to assist in an arrest.

h. The City withholds exculpatory evidence from the prosecutor through its policy, custom or practice of permitting DUI-drug arrests without obtaining a DRE report.

i. The City withholds exculpatory evidence from the prosecutor through its policy, custom or practice of destroying or refusing to gather exculpatory evidence and its use of forms which discourage the gathering of complete information and encourage or enable officers to destroy falsified forms.

54. The above policies, practices and customs are deliberately indifferent to the rights of citizens to be free from unlawful seizures of their persons in the form of false arrests and

malicious prosecutions.

55. As a result of the unconstitutional practices enumerated above, Plaintiff's constitutional rights were deprived as specified above in Counts II and III.

56. As a result of the unconstitutional practices enumerated above, Plaintiff was damaged as alleged above in paragraphs 21 - 27.

57. Plaintiff is entitled to recover attorneys' fees as a prevailing party pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Misty Kingsland, demands judgment against Defendant, City of Miami for compensatory damages, attorneys' fees, litigation costs, prejudgment interest, and all other relief available. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 9th day of May, 2001, by:

JEFFREY A. NORKIN, P.A.
Attorney for Plaintiff
44 W. Flagler St. Suite 400
Miami, Fl. 33130
(305) 374-8919
Florida Bar No. 0969966

By: _____
Jeffrey A. Norkin, Esq.